### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DILLY DeWAYNE DAVIS** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   Case No. CIV-07-424-R |
| | ) |
| **JUSTIN JONES,** | ) |
| | ) |
| **Respondent** | ) |

### ORDER

Petitioner, a state prisoner appearing pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)( B), this matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary review. On October 26, 2007, Judge Couch issued a Report and Recommendation, wherein she recommended that the petition for writ of habeas corpus be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation.

As a matter of law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See* 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).

Petitioner raises four grounds for relief in his challenge to his 2004 conviction for possession of a controlled and dangerous substance in the District Court of Stephens County, Case No. CF-2004-0080. Petitioner asserts that the evidence was insufficient to support his conviction, that the prosecutor improperly commented on Petitioner's right to remain silent, that the trial court improperly responded to a jury inquiry regarding parole, and that his

sentence is excessive. Respondent asserted that Petitioner was not entitled to relief on any ground, and Judge Couch concurred in this assertion. The Court has undertaken *de novo* review of each of these four claims.

Petitioner challenges the sufficiency of the evidence to support his conviction for possession of a controlled and dangerous substance. Having reviewed the transcript, the Court concludes that Judge Couch was correct in concluding that the Oklahoma Court of Criminal Appeals' decision regarding the sufficiency of the evidence was not contrary to or an unreasonable application of clearly established federal law as set forth by the Supreme Court. 28 U.S.C. § 2254(d)(1). In the Report and Recommendation Judge Couch set forth the evidence upon which the Oklahoma Court of Criminal Appeals concluded that the evidence was sufficient. Petitioner has not established that the Oklahoma Court of Criminal Appeals' decision was erroneous under the § 2254(d)(1) standard, and accordingly, he is not entitled to relief on Ground One.

In Ground Two, Petitioner asserts that during closing argument, the prosecutor improperly commented on his right to remain silent. Judge Couch concluded that the remarks were permissible because they were not of such a character that the jury would naturally and necessarily construe the remarks as commenting on Petitioner's right to remain silent. Nothing in the objection convinces the Court that Judge Couch was incorrect in her conclusion on Ground Two. Accordingly, Petitioner is not entitled to relief on this basis.

In Ground Three Petitioner challenges the trial court's answer to a question propounded by the jury during sentencing deliberations regarding the time Petitioner had

served on his prior convictions. Judge Couch noted that Petitioner did not cite to any authority in support of this federal constitutional claim. To the extent Petitioner had recast his state law argument as a federal jury instruction argument, Judge Couch determined that he was not entitled to habeas corpus relief. Having conducted a *de novo* review of this issue, the Court concludes that Judge Couch was correct in her conclusion that Petitioner is not entitled to habeas corpus relief. Accordingly, the petition is denied with regard to Ground Three.

Finally, in Ground Four, Petitioner argues that his sentence is excessive. Petitioner was sentenced to thirty-years imprisonment for possession of a controlled and dangerous substance after conviction of two prior felonies. To prevail on his excessive sentence claim, Petitioner must show that his sentence was grossly disproportionate to his offense. *See Hawkins v. Hargett*, 200 F.3d 1279, 1282 (10th Cir. 1999). The relevant factors in an excessiveness inquiry include the seriousness of the crimes and the legislative determination of an appropriate range in sentences. *See id*. at 1284-85. These factors rarely lead to a finding of gross disproportionality. *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003)("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."); *see also United States v. Angelos*, 433 F.3d 738, 750 (10th Cir.) ("Although the Supreme Court has reviewed Eighth Amendment challenges to a number of state and federal sentences, it has struck down only two of them over the past century."), *cert. denied*, __ U.S. __, 127 S. Ct. 723 (2006); *United States v. Delacruz- Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) ("In general, a sentence within the limits imposed by statute is neither

excessive nor cruel and unusual under the Eighth Amendment." (citation omitted)).

Petitioner had two prior felony convictions, including one for possession of a controlled and dangerous substance with the intent to distribute. The thirty year sentence imposed is within the legislative guidelines established by the State of Oklahoma. Petitioner fails to present the extraordinary case needed to establish a violation of his Eighth Amendment rights and the Report and Recommendation is adopted with regard to Ground Four.

For the reasons set forth herein, the petition for writ of habeas corpus is DENIED. The Report and Recommendation issued by Judge Couch on October 26, 2007 is ADOPTED IN ITS ENTIRETY. Judgment shall be entered in favor of the Respondent.

IT IS SO ORDERED this 19th day of November 2007.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE